UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CARLOS COLLINS,

        Plaintiff,

v.

ROBERT HANSEN et al.,

        Defendants.

_____/

Case No. 2:19-cv-37

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims against Defendant Thompson for failure to state a claim.

## **Discussion**

### I.    **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF). Plaintiff sues the following MDOC

employees at URF: Correctional Officer Robert Hansen and Residential Unit Manager (RUM) S. Thompson.

Plaintiff alleges that he purchased a Swintec typewriter in May 2007, while he was incarcerated at the Brooks Correctional Facility. The machine has undergone a number of repairs and upgrades since that time. In 2008, while he was incarcerated at the Michigan Reformatory, he had the typewriter repaired by Swintec. He did the same thing again in April 2010, but this time he paid to have it upgraded to bi-directional printing. In 2013, while he was incarcerated at the Saginaw Correctional Facility, he ordered replacement springs for the paper bail and a printwheel.

When Plaintiff transferred to the G. Robert Cotton Facility (JCF) in August 2013, prison officials in the property room issued Plaintiff a "Notice of Intent to Conduct an Administrative Hearing" regarding the typewriter and a television because they appeared to have been altered. In particular, the serial number on the bottom cover of the typewriter appeared to have been altered. (*See* Notice of Intent, ECF No. 1-1, PageID.21.) After conducting a hearing, an officer at JCF ordered that Plaintiff's television and typewriter be returned to him. (*See* Administrative Hr'g Report, ECF No. 1-1, PageID.22.)

Plaintiff transferred to URF on June 23, 2017. Three days later, he had not received his typewriter or his television, so he filed a grievance complaining that prison officials had not given him his property within 48 hours of his arrival, as required by prison policy.

Sergeant Bennett (who is not a defendant) finally responded to the grievance on July 31, 2017. He gave Plaintiff his typewriter and television, and then Plaintiff signed off on the grievance. Immediately thereafter, an officer from the property room took Plaintiff's typewriter away from him.

Plaintiff alleges that Defendant Hansen wrote a misconduct report on Plaintiff, falsely claiming that Plaintiff's typewriter was contraband. In the report, Hansen claimed that the finish on part of the typewriter's case had been altered, the serial number on the bottom cover had been removed and taped back on, and the typewriter had an unauthorized bi-directional printing upgrade, an unauthorized metal paper bail, and a missing paper advance knob. (*See* Misconduct Report, ECF No. 1-1, PageID.26-27.) According to the report, Hansen contacted Swintec and confirmed that they replaced the bottom casing and serial number, and upgraded the printer to bi-directional printing, but they did not replace the part of the case that appeared to be altered. (*Id.*, PageID.27.) However, Plaintiff claims that all the upgrades were authorized when they were made and that, in fact, the paper advance knob was not missing. Plaintiff also alleges that Hansen "backdated" his report to July 12, 2017.

RUM Thompson held a hearing on the misconduct charge on August 2, 2017, and found Plaintiff guilty "based on [Plaintiff's] and C/O Hansen's statements." (Class II and III Misconduct Hr'g Report, ECF No. 1-1, PageID.31.)

Plaintiff claims that Defendants retaliated against him for filing a grievance, in violation of his rights under the First Amendment. As relief, Plaintiff seeks compensatory damages against Defendants and an order requiring Defendants to return his typewriter to him or replace it.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff contends that Defendants retaliated against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v.*

*Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### A. Defendant Hansen

The Court concludes that Plaintiff's allegations are sufficient to state a retaliation claim against Defendant Hansen for filing a "false" misconduct report regarding the typewriter. There is no question that filing a prison grievance is protected conduct, and that a misconduct report is an adverse action. The only real question in this case is whether Plaintiff's allegations suffice to create a reasonable inference of retaliatory motive. Temporal proximity "*may be* 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)) (emphasis added). Here, Plaintiff alleges temporal proximity as well as other factors suggesting a retaliatory motive. He alleges that Defendant Hansen treated him more harshly than officials at another prison facility when filing a misconduct report regarding the typewriter (as opposed to a notice of intent to conduct an administrative hearing) in substantially similar circumstances, that the misconduct report contained at least one falsehood, that the report was backdated by Hansen, and that Hansen filed the report after Plaintiff received his typewriter and signed off on his grievance. Considering all these circumstances together, Plaintiff arguably states a claim against Defendant Hansen.

### B. Defendant Thompson

On the other hand, Plaintiff does not state a claim against Defendant Thompson. Defendant Thompson simply relied on statements by Hansen and Plaintiff to find Plaintiff guilty of the misconduct. Thompson did not make the decision to charge Plaintiff with a misconduct, and did not introduce false evidence into the proceedings; he merely found Plaintiff guilty based on the statements and evidence presented. There are no facts from which to reasonably infer a retaliatory motive by Thompson for his actions.

Plaintiff notes that Thompson's decision was different from the decision by the hearing officer at JCF, who ordered that Plaintiff's typewriter be returned to him. However, that difference alone is not sufficient to give rise to an inference of retaliatory motive. Thompson examined different charges and his decision rested on different evidence. Thus, Plaintiff's allegation of retaliatory motive by Thompson is wholly conclusory.

Plaintiff also contends that Thompson conspired with Hansen to retaliate against Plaintiff, but this assertion is also conclusory and unsupported by the allegations. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524

F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff merely describes discrete acts by different officers at different times. Plaintiff has provided no allegations establishing a link between Defendants or any agreement between them. Allegations of parallel conduct by defendants may hint at the "possibility" of a conspiracy, but they do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Indeed, parallel conduct is insufficient to state a claim where, as here, it "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. Accordingly, Plaintiff fails to state any type of claim against Defendant Thompson under § 1983.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Thompson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

Plaintiff's retaliation claim against Defendant Hansen remains in the case.

An order consistent with this opinion will be entered.

Dated: April 2, 2019             /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE