UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| CARLOS COLLINS # 182427, | Case No. 2:19-cv-00037 |
| Plaintiff, | Hon. Gordon J. Quist<br>U.S. District Judge |
| v. | |
| ROBERT HANSEN, et al., | |
| Defendants. | |

## **REPORT AND RECOMMENDATION**

### I. Introduction

This is a civil rights action brought by state prisoner Carlos Collins pursuant to 42 U.S.C. § 1983. Collins alleges that he was retaliated against by Defendants Robert Hansen and S. Thompson for exercising his right to free speech. (ECF No. 1, Page ID. 2.)[1]

Defendant Robert Hansen filed a motion for summary judgment. (ECF No. 14.) The undersigned has reviewed the pleadings and association documents and respectfully recommends that the Court grant Hansen's motion for summary judgment and dismiss Collins's retaliation claim.

---

[1] On April 2, 2019, the Court dismissed the retaliation claim against Thompson. (ECF No. 6.)

1

## II.     Summary of Allegations and Relevant Facts

On June 23, 2017, Collins was transferred to Chippewa Correctional Facility (URF). Three days later, Collins filed a grievance because he had not received his typewriter or his television and prison policy requires property to be returned to inmates within 48 hours of their arrival. (ECF No. 1-1, PageID.24.) On July 31, 2017, Sergeant Bennett (who is not a defendant) responded to the grievance and returned the typewriter and television to Collins. (*Id.*)

On July 24, 2017, Hansen issued Collins a misconduct report that charged Collins with destruction or misuse of property. (ECF No. 1-1, PageID.26-27.) The destruction or misuse of property charge is a Class II or Class III misconduct.[2] (*Id.*) It is interpreted that the modifications that Collins ordered resulted in the typewriter being considered contraband, and established the grounds for the destruction or misuse of property charge. On August 2, 2017, a Class II or Class III misconduct hearing was held regarding Collins's destruction or misuse of property charge. (ECF No. 1-1, PageID.31.) At the hearing, Collins did not raise the issue of retaliation. (*Id.*) Collins did, however, plead guilty and "stated that the typewriter was his and that he sent it out to get upgraded because it was cheaper than purchasing a new one." (*Id.*) Thompson, who presided over the hearing, found Collins guilty. (*Id.*)

On February 6, 2019, Collins filed a complaint with the United States District Court, Western District of Michigan. (ECF No. 1.) It alleges two retaliation claims,

---

[2]     The misconduct report issued by Hansen marks the destruction or misuse of property charge as both a Class II and Class III misconduct. (*See* ECF No. 1-1, PageID. 27.) No distinction is made. (*Id.*)

one against Thompson and the other against Hansen, for retaliating against Collins for writing the grievance about not receiving his property. (ECF No. 1, PageID.2.) On April 2, 2019, the Court dismissed the retaliation claim against Thompson for failure to state a claim. (ECF No. 6.) On July 22, 2019, Hansen moved for summary judgment based on Collins's failure to properly exhaust the retaliation claim against him. (ECF No. 14.)

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### IV. Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense that Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). In rare circumstances, an administrative remedy will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance [or other administrative] process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison administration. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

The most common procedure through which a prisoner in MDOC custody exhausts his administrative remedies is the grievance procedure set forth in Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019. Where grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[3], the inmate must first

---

[3]  Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe.  While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are

raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011). If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693-94. Alternatively, if the inmate is claiming to have received a retaliatory Class II or III misconduct, he or she must file an appeal based on retaliation. MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id.* at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity'

---

"subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

7

to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[4]

### V.     Analysis

Citing *Siggers v. Campbell* and *Smith v. Goulet*, Hansen argues that "Collins did not properly exhaust [Collins's] retaliation claim against" him, because "Collins did not raise retaliation by Hansen at [Collins's] misconduct hearing." (ECF No. 15, Page ID. 81-82.) Indeed, at Collins's misconduct hearing, Collins pled guilty to the misconduct violation ticket that underlies his retaliation claim. (ECF No. 15-4, Page ID. 98.) Collins informed the hearing officer that the "typewrither [sic] was his and that he sent it out to get upgraded because it was cheaper than purchasing a new one." (*Id.*)

Because Collins received a retaliatory Class II or III misconduct, he was required to file an appeal based on retaliation. MDOC PD 03.03.105 ¶¶ UUU-XXX; *see also Heyns*, 2014 U.S. Dist. LEXIS at *13-17. He did not. Instead, he pled guilty at his misconduct hearing, he never filed an appeal based on retaliation, and he then filed this action.

Moreover, Collins's response to Hansen's motion for summary judgment fails to argue that there is "evidence [that] presents a sufficient disagreement to require

---

[4]     In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

8

submission to a jury." *McGowan*, 421 F.3d at 436 (quoting *Liberty Lobby, Inc.*, 477 U.S. at 251-52). After considering the entire record in favor of Collins, there is no evidence to support a finding that Collins exhausted all applicable administrative remedies. The undersigned respectfully recommends that Collins failed to exhaust applicable administrative remedies.

## VI. Recommendation

The undersigned respectfully recommends that the Court grant the motion for summary judgment because Collins failed to properly exhaust his retaliation claims. If the Court accepts this recommendation the case will be dismissed.

Dated:  November 27, 2019                    /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).