UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CARLOS COLLINS #182427,

    Plaintiff,

v.

ROBERT HANSEN,

    Defendant.
_____/

Case No. 2:19-CV-37

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Carlos Collins, alleges that Defendant Robert Hansen retaliated against him by issuing a false misconduct. On July 22, 2019, Defendant Hansen filed a Motion for Summary Judgment Based on Failure to Exhaust. (ECF No. 14.) After U.S. Magistrate Judge Maarten Vermaat held a telephone status conference with the parties on August 30, 2019, Judge Vermaat issued a Case Management Order setting a November 12, 2019, deadline for Plaintiff to respond to Defendant's motion. (ECF No. 20.) Plaintiff did not file a response. On November 27, 2019, the magistrate judge issued a Report and Recommendation (R. & R.), recommending that the Court grant Defendant Hansen's Motion for Summary Judgment Based on Failure to Exhaust. (ECF No. 21.) Although Plaintiff did not file a response to Defendant Hansen's motion, he has now filed Objections. (ECF No. 22.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But "while the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed,

absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Kita v. Comm'r of Soc. Sec.*, 1:08-cv-446 2009 WL 1464252, at *2 (W.D. Mich. May 18, 2009) (citation omitted). As stated above, Plaintiff did not file a response to the initial motion. Therefore, he has waived the new arguments in his Objections.

Furthermore, after reviewing the record before the magistrate judge and the R. & R, the Court will adopt the R. & R. The magistrate judge correctly determined that decisions made in minor misconduct hearings are not grieveable. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). "Because the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing." *Smith v. Goulet*, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018) (citing *Siggers,* 652 F.3d at 694); *see also, Miller v. Klee*, 2018 WL 1354473 at *5 (E.D. Mich., Feb. 23, 2018) ("a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies"). It is not disputed that Plaintiff failed to raise the issue of retaliation at the misconduct hearing. Instead, he pled guilty to the misconduct and never appealed the decision. Therefore, Plaintiff did not exhaust his administrative remedies.

**IT IS HEREBY ORDERED** that the November 27, 2019, Report and Recommendation (ECF No. 21) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Hansen's Motion for Summary Judgment Based on Failure to Exhaust is **GRANTED**, and Plaintiff's claim against Defendant Hansen is **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: March 5, 2020 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE